**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| TIMOTHY MILLIKAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| ) | **JURY TRIAL DEMAND** |
| TOWN OF INGALLS ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, Timothy Millikan ("Millikan"), brings his Complaint against the Town of Ingalls (the "Town") and alleges and avers as follows.

**NATURE OF THE CASE**

1. This is an action for relief from the Town's violations of Millikan's workplace rights. The Town blatantly violated both federal and state wage and hour laws, and then unlawfully retaliated against Millikan for asserting his protected rights under these laws as well in retaliation of his filing of a whistleblower complaint.

**JURISDICTION AND VENUE**

2. This case presents an actual case and controversy arising under Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*

3. Original jurisdiction over this case is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1339 because this case arises under the FLSA.

4. The Court has supplemental jurisdiction over the related state law and local

ordinance claims pursuant to 28 U.S.C. § 1367(a) because Millikan's claims under the Indiana Wage Claims Statute, Indiana Code §22-2-9 and, the Town Ordinances and Indiana common law form part of the same case or controversy under Article III of the United States Constitution. Millikan's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Millikan resides in this District and the claims asserted arose in this District.

6. All conditions precedent to bringing this action have been met.

## PARTIES

7. Millikan is a citizen and resident of Madison County, Indiana.

8. The Town of Ingalls is a municipality organized under the laws of Indiana, with its office located in Ingalls, Indiana.

## FACTUAL ALLEGATIONS

9. On or about December 14, 2016, Millikan and the Town entered into an Employment Agreement (the "Agreement") whereby Millikan agreed to serve as the Town Manager. The Agreement is attached as Exhibit 1 to this Complaint.

10. The Agreement provided for automatic renewal on January 1, 2017 for a three-year term and further provided that:

> In the event the Employee is terminated, as defined in Section 8 of this Agreement, the Employee shall be entitled to all compensation, including salary, accrued vacation, sick leave, and vehicle allowance paid or in a continuation of salary on the existing biweekly basis, at the Employee's option, plus continuation of all benefits for the remainder of the term of this Agreement as set forth in Section 9.[1]

---

[1] Exhibit 1, Employment Agreement, §1.

11. Millikan worked for the Town as the Town Manager, from January 1, 2016 to November 5, 2018.

12. His job duties included, but were not limited to, being responsible for the efficient operation of the Town; prepare budget estimates; receive all complaints regarding the Town administration; attend various meetings; report to the Town Council; issue right of way permits; and supervise employees act as Building Inspector and Code Enforcement Officer. Further, he was required to be "on call" 24-hours for emergency situations; akin to the Town's police officers, but for the expectation for Town Manager was that he would be "on call" for 24 hours during the holidays, whereas Police Officers were only "on call" for 8 hour shifts.

13. Upon information and belief, the Town has less than 15 employees.

14. In the evening, on November 5, 2018, the Town Counsel suddenly and unexpectedly terminated Millikan's employment

15. The Town Counsel terminated Millikan's employment after he submitted a written whistleblower complaint to the Town Counsel regarding workplace harassment and abuse that he was suffering due to the actions of a co-worker as well as that same co-worker's misuse of public resources.

16. Rather than properly investigating Millikan's complaint, the Town Council terminated him in retaliation.

17. At the time of his retaliatory termination, Millikan had almost 14 months remaining on his Agreement.

18. At the time of his retaliatory termination, Millikan was paid a yearly salary of $59,400, plus benefits.

19. The Agreement provided for the continuation of salary, holiday pay, and benefits post-termination.

20. Millikan demanded that the Town honor the Agreement and pay his outstanding salary, benefits, vacation and sick pay. The Town refused.

21. This lawsuit follows.

## COUNT I
### Fair Labor Standards Act Violations

22. Millikan incorporates all prior paragraphs by reference here.

23. The Town is an "Employer" as defined in 29 U.S.C. § 203(d).

24. Millikan is an "employee" as defined in 29 U.S.C. § 203(e).

25. The Town is an "enterprise" and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r) & (s).

26. The Town had the ability to, and did, control the hours Millikan worked and his compensation.

27. For example, the Town routinely required Millikan to be "on call" for twenty-four-hour periods of time.

28. The Town was required to compensate Millikan, in the form of double time, for the time he spent "on call."

29. The Town did not compensate Millikan for his on-call time.

30. The Town willfully, intentionally, and with reckless disregard failed to pay Millikan his overtime pay in violation of the FLSA.

31. Because of the Town's unlawful failure and refusal to pay Millikan, he is entitled, pursuant to 29 U.S.C. § 216(b), to recover his unpaid wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs

## COUNT II
## Claim under Indiana Wage Claims Statute

32. Millikan incorporates all prior paragraphs by reference here.

33. The Town is an employer pursuant to Indiana Code § 22-2-9-1.

34. Millikan was an employee pursuant to Indiana Code § 22-2-9-1, *et seq.*

35. The Town was required to pay wages in a timely manner, both during employment and after separation.  I.C. § 22-2-5-1

36. The Town's failure to pay Millikan for his earned wages due and owing in a timely fashion constitutes violation of I.C. § 22-2-9-2(a).

37. The Town has refused, and continues to refuse, to pay Millikan for his earned wages.

38. Millikan has been damaged by the Town's violations of the Wage Claims Statute.

39. Due to the Town's wrongful withholding of wages, Millikan is entitled to double the amount of wages due as liquidated damages under I.C. § 22-2-5-2.

40. Due to the Town's wrongful withholding of wages, Millikan is entitled to recover his costs for this action, including reasonable attorneys' fees, under I.C. § 22-2-5-2.

WHEREFORE, Millikan prays that the Court enter a Judgment in favor of him and against the Town, in an amount to compensate him, statutory liquidated, applicable statutory damages, prejudgment interest, statutorily-mandated attorney's fees, costs of this action, and for all other relief which is just and proper in the premises.

## COUNT III
## Breach of Contract

41. Millikan incorporates all prior paragraphs by reference here.

42. As set forth above, Millikan and the Town entered into an Employment Agreement.

43. The Town agreed to pay Millikan a salary in accordance with the Town's Salary Ordinance for a period of three years.  In turn, Millikan was to perform as the Town Manager.

44. Milliken, for the consideration received, worked as the Town Manager from January 1, 2017 to November 5, 2018.

45. The Town suddenly terminated Millikan's employment on November 5, 2018.

46. However, the agreed to term under the Agreement did not expire until December 31, 2020.

47. The Agreement provided that in case of termination, Millikan would be due the remainder of salary benefits due under the Agreement.[2]

48. Thus, Millikan is owed the remaining wages and benefits due under the Agreement.

49. The Town has refused to pay Millikan the remainder of wages and benefits due under the Agreement.

50. The Town breached the Employment Agreement by its refusal to pay Millikan.

51. The Town's breach of the Agreement has caused Millikan damages.

52. Due to the Town's breach, Millikan is owed his damages.

## COUNT IV
### Retaliatory Termination

53. Millikan incorporates all prior paragraphs by reference here.

54. As set forth above, Millikan made a written whistle blower complaint to the Town setting forth a co-worker's abuse and harassment of him as well as misuse of public resources.

55. After Millikan made this complaint, the Town held ani improperly noticed

---

[2] Ex. 1, §1.

emergency executive meeting and voted to terminate Millikan's employment on November 5, 2018.

56. The Town unlawfully terminated Millikan's employment in retaliation of Millikan's complaint and in violation of Indiana law and the Town ordinance.

57. The Town's unlawful termination damaged Millikan

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Timothy Millikan respectfully asks that the Court enter a Judgment in his favor and against the Defendant, in an amount to compensate him, applicable statutory damages, prejudgment interest, statutorily-mandated attorney's fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

/s/ Julie A. Camden
Julie A. Camden, #26789-49
April M. Jay, #32286-49
Camden & Meridew, P.C.
10412 Allisonville Road, Ste. 200
Fishers, IN 46038
Phone: (317) 770-0000
Fax: (888) 339-9611
jc@camlawyers.com
aj@camlawyers.com

**Exhibit**

| 1 | **Employment Agreement** |
|---|---|